# EISNER & ASSOCIATES, P.C.

ATTORNEYS AT LAW
113 UNIVERSITY PLACE, EIGHTH FLOOR
NEW YORK, NEW YORK 10003-4527

EUGENE G. EISNER
BENJAMIN N. DICTOR
MARIA L. CHICKEDANTZ

TELEPHONE: (212) 473-8700
FACSIMILE: (212) 473-8705

E-MAIL: gene@eisnerassociates.com
INTERNET: www.eisnerassociates.com

OF COUNSEL
NATHANIEL K. CHARNY*
ROGER J. BERNSTEIN

* NY AND NJ BAR

September 25, 2015

*Via ECF*

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 443
New York, NY 10007

Re: Daniel Schubmehl, et al vs.
Sarma Melngailis, etc., et al
15cv6432 – VEC

Dear Judge Caproni,

This firm represents plaintiffs in the above-referenced matter.

As the Affidavits of Service reflect (Document Nos. 13, 16, 16), the corporate defendants have been served via the Secretary of State. The corporate defendants are presently in default and requests for a Clerk's Certificate of default have been submitted.

To date, plaintiffs have been unable to locate the natural defendant, Sarma Melngailis.

As plaintiffs have alleged in their complaint, this case concerns defendants' total non-payment of wages to plaintiffs for work performed during the two weeks leading up to the abrupt closure of the business by defendant Melngailis on July 2, 2015. Plaintiffs have alleged that, in the weeks leading up to the closure, defendant Melngailis encouraged them and their coworkers to continue working in order to receive wages already owing to them.

This firm represented many of the same plaintiffs in an action against the same defendants earlier this year wherein plaintiffs interposed nearly identical claims of non-payment, inducement to continue work and abrupt closure with mass layoffs. Melngailis was represented by attorney Robert Skoy in that matter. Plaintiffs' claims were settled out of court, prior to answering the complaint. The restaurant was reopened shortly thereafter with many of the employees choosing to return to work.

EISNER & ASSOCIATES, P.C.

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
P a g e | 2

           Re: Daniel Schubmehl, et al vs.
              Sarma Melngailis, etc., et al
              15cv6432 – VEC

    Defendant Melngailis has not been heard from since the first week of July when she advised the staff that the business was closing immediately. Since that time, the non-payment of wages, the closure of the restaurant, and Melngailis's disappearance have become the subject of public notoriety again, including articles in the New York Post and the Gothamist. Nathan Tempy, *Stiffed Pure Food And Wine Workers Struggle To Reopen Restaurant After Owner Goes AWOL*, GOTHAMIST, Jul. 20, 2015; Carlos Greer, *Owner of Upscale Eatery and Celeb Hotspot goes AWOL*, NEW YORK POST, July 27, 2015 (attached hereto as Exhibits A & B). Plaintiffs' efforts to contact Melngailis by telephone, text message, email, and post have been unsuccessful.

    Plaintiffs suspect that Melngailis's disappearance is a voluntary effort to abscond.

    After the closure of the business, defendants Melngailis and One Lucky Duck Holdings, LLC ("OLDH") were sued by one of their investors, Asparagus Trading Corporation ("ATC"), for, *inter alia*, fraud, breach of contract and preliminary injunctive relief removing Melngailis as manager of OLDH and replacing her with ATC's authorized representative. *Asparagus Trading Corporation vs. Melngailis*, 652403/2015 (Hon. S. Scarpulla). Counsel for ATC was unable, after diligent effort, to contact or effectuate service of process on Melngailis. On application, Hon. Justice Saliann Scarpulla of the New York State Supreme Court for New York County permitted counsel to serve Melngailis via email at the address *sarmasarma@gmail.com*. I have attached the Affirmation of ATC's counsel, Justin S. Stern, in support of his application for alternative service, along with the Order granting the application (Exhibits C and D, respectively). This office previously communicated with Melngailis at the same email address during our prior case in which she was a defendant. Plaintiffs Kevin Woods and Daniel Schubmehl also regularly communicated with Melngailis through that email address up to the closure of the business in July of 2015.

    The relief sought in ATC's Order to Show Cause was granted on default on September 9, 2015 and ATC appointed Steve Ferraro of SaxBST as manager of OLDH with authority to "access, inspect, control and maintain" the company's books (*See*, Exhibit D). Since that time, I have been in contact with ATC's counsel and notified ATC and Mr. Ferraro of their duty to preserve evidence. I have also advised ATC's counsel that, since Melngailis has been removed as "manager, director, officer and/or any other title or position she holds with OLHD," ATC's appointed manager is presently the only individual with authority to bind OLHD. Accordingly, we have advised ATC's counsel that we believe Mr. Ferraro is obliged to answer or otherwise respond to the complaint in this matter.

# EISNER & ASSOCIATES, P.C.

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
Page | 3

                                    Re:    Daniel Schubmehl, et al vs.
                                               Sarma Melngailis, etc., et al
                                               15cv6432 – VEC

       In an effort to locate Melngailis, I have contacted her prior counsel, Robert Skoy, who has advised that he has not heard from her and that he no longer represents her. The landlord of the business retook possession of the premises shortly after the restaurant was closed. We have also attempted to serve Melngailis at her last known address, but have been advised that she no longer resides there. As noted in the Affidavit of Justin Stern, the Department of Motor Vehicles lists a post office box as Melngailis's address. Counsel for ATC has also advised that they have no further information on Melngailis's whereabouts.

       In view of the foregoing, it is respectfully requested that the Court adjourn the initial conference scheduled for October 2, 2015 and permit plaintiffs' counsel to submit a formal application for leave to serve Melngailis by email pursuant to the New York Civil Practice Law and Rules 308(5).

                                                            Respectfully submitted,

                                                            /s/
                                                           Benjamin N. Dictor

BND:ec
Encls.