```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
DANIEL SCHUBMEHL and KEVIN WOODS,                           :
on behalf of themselves and others similarly                :
situated,                                                   :
                                                            :
                                           Plaintiffs,      :
                                                            :
                   -against-                                :
                                                            :
SARMA MELNGAILIS, ONE LUCKY DUCK                            :
HOLDINGS, LLC, PURE FOOD AND WINE,                          :
LLC, CGM 54 IRVING, LLC, d/b/a PURE                         :
FOOD AND WINE, and ONE LUCKY DUCK                           :
ECOMMERCE, LLC, jointly and severally,                      :
                                                            :
                                          Defendants.       :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __10/27/2015__

15-CV-6432 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

This action arises out of Defendants' alleged non-payment of wages to Plaintiffs and their co-workers for work performed in the weeks preceding the closure of Defendants' businesses. Plaintiffs filed their Complaint on August 14, 2015.  Plaintiffs served all Defendants, except for Defendant Sarma Melngailis, on or around August 24, 2015.  Plaintiffs attempted service on Defendant Melngailis at her last known residence, but were unsuccessful because Melngailis no longer resides there.  Plaintiffs now move for an order granting them leave to serve Melngailis by e-mail, Certified Mail and First Class Mail (the "Motion").

As set forth in Plaintiffs' counsel's affirmation, Defendant Melngailis has been unable to be located or contacted in this and other legal actions.  Dictor Aff. ¶¶ 8, 10, 19, 27.  Melngailis's "disappearance" has been noted by the local press; Plaintiffs' efforts to serve Melngailis at her last known residence, 38 East 21st Street, 2nd Floor, New York, New York 10010, have failed;

and Melngailis's former counsel has advised Plaintiffs' counsel that he no longer represents her and is unaware of her whereabouts. *Id.* ¶¶ 8, 19, 20. As a result, at least one other court has permitted Melngailis to be served by e-mail at the address sarmasarma@gmail.com, as well as by First Class Mail to the address listed for her with the New York Department of Motor Vehicles: 243 Fifth Avenue, # 247, New York, NY 10016. *Id.* ¶¶ 11-12. Plaintiffs' counsel previously used the sarmasarma@gmail.com e-mail address to successfully correspond with Melngailis from January 19, 2105 through April 22, 2015. *Id.* ¶ 21.

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." This action has been brought in the Southern District of New York, so service may be effected under New York law. Under N.Y. C.P.L.R. 308(5), the Court has discretion to permit service by alternative means if service by conventional means is impracticable. "The meaning of 'impracticable' [under N.Y. C.P.L.R. 308(5)] depends on the facts and circumstances of a particular case." *TAGC Mgmt., LLC v. Lehman*, 842 F. Supp. 2d 575, 585 (S.D.N.Y. 2012) (citation omitted).

Here the Court finds that Plaintiffs have made rigorous efforts to locate and serve Melngailis by attempting service at her last known address, contacting her prior counsel and conferring with counsel in a related litigation against Melngailis where conventional mean of service were ultimately unsuccessful. Through these efforts, Plaintiffs have demonstrated that serving Melngailis by conventional means is impracticable, and that alternate service, including service by e-mail, is appropriate under the circumstances. *See, e.g.*, *Safadjou v. Mohammadi,* 105 A.D.3d 1423, 1425 (2013) (e-mail service was "reasonably calculated to apprise defendant of the pending lawsuit and thus satisfie[d] due process" (citations omitted)).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is GRANTED IN PART.  By November 3, 2015, Plaintiffs shall serve Defendant Melngailis at the e-mail address sarmasarma@gmail.com and via Certified Mail and First Class Mail to (1) 243 Fifth Avenue, # 247, New York, NY 10016 and (2) 38 East 21st Street, 2nd Floor, New York, New York 10010.  By November 3, 2015, Plaintiffs shall also serve Defendant Melngailis by First Class Mail at the addresses listed for the businesses owned by her father, John Melngailis, (c/o Black Rooster Food, LLC, 3314 Brooklawn Terrace, Chevy Chase, Maryland 20815) and her brother, Noah Melngailis, (c/o One Lucky Duck Texas, 303 Pearl Parkway, Suite 109, San Antonio, Texas 78215).  By November 10, 2015, Plaintiffs shall also file a notice of service on the docket.  The Clerk of Court is respectfully requested to close the open Motion at docket entry 31.

**SO ORDERED.**

Date: **October 27, 2015**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**